Our final case of the day is United States v. Colon Mr. Henderson Good afternoon, may it please the court I'm Peter Henderson, I represent Geraldo Colon I'd like to focus first on the money laundering convictions The essential element that the government must prove beyond a reasonable doubt As to each count Is that the financial transaction in fact Involved the proceeds of specified unlawful activity And that's really where we have the gap in the proof Because Counsel, let me tell you what my problem is Why couldn't a jury find that the entire operation That is the supposedly legitimate part of the mega mall And the drug dealing Was a single enterprise and there were no legitimate funds I think that to characterize the We know there's revenue from the flea market Exactly, but One of the principal goals Is to Of the money laundering statute Is to prohibit somebody from using Apparently legitimate sources of income to disguise Or mix or mingle with The illegitimate sources And if you run a business that has got both Legitimate and illegitimate Components Two aspects in one business Doesn't it make sense to fall To say that the entire business is illegitimate No, I don't There's no tracing requirement in other words That's right, there's no tracing requirement But that doesn't mean that any income A drug trafficker makes Is automatically unlawful proceeds If Mr. Colon for example Went outside of the mall And ran a car wash for a day And he got $200 That $200 doesn't automatically become unlawful proceeds Simply because he's the one who received it If he never mixed any of his Illegitimate income with it That would be true But it apparently is agreed That the deposits include Illegitimate income But we don't know which ones But let me follow up on Judge Easterbrook's point So he's running this business And he gets the cash payments From the renters at the mall And the cash payments always come to him first Before he gives them to his employee to deposit  Presumably he had all of the cash In his office at the mall So let's say he had a locked door Or a safe or a lockbox or something Wouldn't the funds then be contaminated at that point? So they're mixed, this is all cash It's all coming into his office And so just like you can't tell When something comes out of a bank account Because there's no tracing requirement It's contaminated His pot of money His pot of cash that he's got Functions in that sense like a bank account So that anything that comes out of it Because he's got all this cash in his office Doesn't matter We don't have to figure out what's legitimate and not We don't know that that's how he kept his money There's no evidence This is the biggest problem with the government's case Is that Mr. Colon was really a one-man operation And so we don't have testimony or evidence As to his accounting As to how he maintained this money I would agree with you If there was evidence that Every single piece of money he obtained He put in a washing machine He twirled the tub And then he just pulled out money That's commingling That's the same thing as putting it in a bank But if he's got two safes in his office One is where the revenue from the Mega Mall goes And one is where his drug proceeds go That doesn't mean that every time he takes out So it would physically have to be He has the two drawers in his desk One marked drugs One marked rent Right So then the operative compartment Is the drawer and not the desk Right And let me put it this way To maybe make it less frivolous We've got testimony This is in the transcript of page 906 About Roberto Baltierra Santos Who deposited Made four of these deposits On Mr. Colon's behalf And what he said is Some of these deposits were cash, yes Some were checks Mr. Cisneros would give Mr. Colon cash And that cash would then be given to you Or to you to put in the bank, yes It was coming from Mr. Cisneros Yes So the testimony at trial was The money that Cisneros was collecting He would take it to Colon And maybe Roberto Baltierra was there And Colon said Can you put this at the bank You work at the bank Please put this at the bank for me That is not unlawful proceeds That is revenue that's coming from a lawful source Mr. Henderson, let me tell you what concerns me About this And you can address it We all agree, don't we Tracing is not required We all agree that Jackson v. Virginia Supplies the governing standard of review And we all agree that direct evidence Is never required Circumstantial evidence can also satisfy The beyond a reasonable doubt burden So given all of those things Why couldn't a rational juror Have reached the conclusion Or inferred beyond a reasonable doubt That drug proceeds were mixed With the Megamall furniture business proceeds Well I think there's a distinction between Saying tracing is not required And cash is all the same So what would the government have to prove How would the government have to prove this They could do it in a number of ways They could prove that there was a drug transaction For example that occurred Before this money was deposited And the way the government typically proves it Is they prove there's a drug transaction That generated a certain amount of income That income exceeds what could be Ascribed to any other sorts of income And so when you make the deposit It's imposing a tracing requirement effectively No because you don't have to know How much of the cash is legitimate or not You don't have to trace it back to Where particularly it comes from All you need to show is per transaction The amount of money could not consist  And in our case Take the transaction that Roberto Brought to the bank on July 16th Of $1,200 Nobody knows where that money came from It could have come from drug trafficking It could have come entirely from Legitimate income from the mall There's just no evidence of that Now the government No direct evidence But we've already given the government The inference that some of this money Was drug money There's no direct evidence that any of this $44,000 was drug money It could have been money entirely from the mega mall And he was spending The expenses came out of the drug money So we've given that inference To then say each separate transaction Has to involve drug proceeds Is piling an inference upon an inference It's speculation Mr. Henderson This is maybe a question better directed to the government But you're experienced Is this an unusual way to charge it? So far as I can tell It seems like money laundering In this situation is more often charged Based on withdrawals As opposed to deposits Or am I just wrong about that? No I think you're right To me this is charged The way you would charge a wire fraud Count where you say There's a scheme to defraud And so every single transaction And further into that scheme Qualifies as a separate felony That's not what the money laundering statute says The money laundering statute requires Proof specific to each count Let me just spend one minute Has Cologne paid the $800? I'm not aware that he has Is this case about anything other than the $800? The sentence appears to be driven entirely By the substantive drug counts That's 360 months in prison The money laundering counts are 8 concurrent 120 month terms So that as far as I can see The only thing that turns on your argument Is the $800 special assessment Well I think that Certainly there is the sentencing package doctrine Which supposes or presumes That the district court is considering all of this As part of its sentencing package The district court can consider The substantive money laundering activity Anyway It's not as if this were Something a district court couldn't consider It didn't even have to be charged No and perhaps So back to my question Is there anything here that we're talking about Other than 8 $100 special assessments? Well we're relying on stare decisis And this court routinely When it vacates counts of conviction Even if it was not the lead count That drove the prison sentence Routinely remands But if it doesn't affect the guideline range It's not clear why it should And the guideline range appears to be Completely dominated by the drug counts Right well again what I'd say is I'd suggest that not remanding this for resentencing Would create an intra-circuit split Especially with the Adams case Which involved the same counts The court vacated the money laundering counts Remanded for resentencing the drug counts The drug counts were what drove the sentence So I don't see any reason why the court should depart From that practice And the government has not asked the court To depart from that practice But I see I'm out of time so Thank you very much Thank you Mr. Henderson Mr. Reitz May it please the court Brian Reitz for the United States I guess the court has recognized This is a classic money laundering case While Mr. Colon did have What was putatively A legitimate business He actually could not have had the legitimate business Without his illegitimate funds He was so in debt Based on that legitimate business So he necessarily commingled his funds And I think broadly speaking At least Mr. Colon agrees That there was some level of commingling So The body of case law For money laundering says that If a defendant commingles his funds The transactions are Essentially money laundering In fact the deposits I guess to answer your question Judge Baird This is somewhat unusual I guess we usually charge it on the back end More frequently but we think the front end Is really the classic money laundering It's what allows money laundering to be effective It's what allows Defendants to Well do you have to prove it Mr. Henderson is saying You have to prove it count by count Could you have charged it and said Particularly because he's conceding And the facts clearly show there was some money laundering Between July 1st and July 31st You know on multiple occasions Then I guess it would be one count of money laundering And then we get Another count for August I suppose We won't talk about September Well do you have to prove it for each transaction Because it seems to me like your position is that you don't And Mr. Henderson's position is that You do I think I don't think the government can Stand here and say we don't have to prove it Of course we do but Including on the back end Courts have I think nearly Unanimously said that we can prove it In the general to prove each Specific transaction Based on the commingling theory I don't think there's really any logical or conceptual Difference doing it on the front end So just the general Standard allows us to do That to the specific counts Okay Mr. Reitz can I ask you about the Organizer leader enhancement Yes your honor I have some concern here That the reasoning That supports that enhancement As it was applied here Is really not Much more than he was a big time Drug dealer What did he do In terms, I mean he was a middle man right He was receiving Kilo quantities no doubt about that So as far as the volume Of the drug trafficking I think we can agree It was substantial But what did he do To organize or lead So to start with Yes we agree classified as a Middle man we're not really disputing that We think his role in this To start with on that When the district court was attempting to place People within this conspiracy Based on the relative culpability It makes sense that Mr. Colon was At a higher level while he was An organizer or leader It's shown at least a couple Times he ordered Or requested Whatever term you want to use Mr. Lizarraga To travel with him to take drugs To Mr. Stewart that shows some Level of coercion because that increased At least a temporal potential For exposure for Mr. Lizarraga that was Mr. Lizarraga went to a drug Deal that he did not have to do I think what it shows I invite you to disagree with me I think what it shows is that At least on a couple of occasions The courier was at least Willing to take an instruction To drop the kilos off At another location At Stewart's house So actually We think we win even under that Interpretation because if the courier was Willing to take instruction he was Being instructed by Colon so we think that Would actually be sufficient Two or three instances of that though right Yeah certainly not A few times So if the substance of it is as I described it How is he an organizer Or leader Not only that but the court So I think the Lizarraga Instances would suffice by themselves By instructing Mr. Lizarraga He also as the district Court viewed the video of Mr. Osuna That interaction He was organizing and Leading that I would step back And say this is probably A close call on the Does this organizing Enhancement depend On the existence of the mall That is Is it your theory was it the district Judges that the mall Itself is a business He ran his drug transactions With the protection Of the mall And he organized and managed the mall So I don't know Is that your theory I don't know if our position necessarily relies on that I do think the district court relied On the running of the mall As sort of this central entry point Of drugs into Indiana I do think The judge relied on that as a factor Is it your theory I would say it is A factor that buttresses Our overall theory that he Instructed Mr. Lizarraga And Mr. Osuna and beyond that He was more Relatively culpable than the other Players and the drug conspiracy Counsel do you think it matters Because do you think that the district Judge in the transcript Was sufficiently clear that she was relying On 3553 instead of the guidelines Yes I think she more than Met the minimum balance of that she Explicitly said I am sentencing Under 3553 Not the guidelines we think under this court's Precedence that's fine Sort of what I was going To answer Judge Scudder We agree that The organizer leader is Something of a close call for the drug But there's reasons the court doesn't have to reach that One the court didn't rely on the guidelines And two we think the organizer leader Is very strong On the money laundering With respect to the narcotics counts In total we're talking About six level enhancement Aren't we Four plus the two And wouldn't it have taken the range From 360 to life to life So yes but because If there If he is the step below He would still get four and therefore It wouldn't have reduced the guidelines If he's a manager supervisor Yes then he gets that plus The other enhancement So if The court There's a lot of moving parts If the court doesn't think he Deserves a 3B1.1 enhancement For the drugs then he would be below 43 For the drugs but that does not necessarily Reduce his guidelines I worry about saying About this case and other cases If you are a big time drug dealer You are an organizer leader They're one in the same That reasoning troubles me So I think There's more here if there's not There are ways to go around that the court doesn't have to Address that one the court can just find Mr. Colon to be an organizer Leader for the money laundering Or it can simply go to the 3553 Factors and say the court sentence wasn't based On the guidelines so Even though we think the district court Said more and there is more for The drug Enhancement that's not Paramount to the court sentence for at least Two reasons both the money laundering Enhancement and then the 3553A factors the court Explicitly said was the basis Of the sentence If there are no further questions The government would ask the court to Affirm the district court in all respects Mr. Henderson We got into some topics you didn't Discuss so I'll give you one minute for Rebuttal Thank you your honor I guess Let me start with the harmless error argument The supreme court's made clear that a Guidelines error is Presumptively a serious Error that requires a resentencing That there is not The unequivocal language that you would need To find harmlessness of If the guidelines were different I still Would have imposed the same sentence if the District court had not said I'm imposing This under 3553A that would have Been an error so all sentences are 3553A that doesn't make the Guidelines harmless On the leadership again You know to Go to Judge Easterbrook's Question about organizing the mall The shoe case pretty clearly Indicates that organizing Property organizing a business Is not organizing people And organizing people is what The 3B1.1 enhancement is About so we think That that was improperly Reversed thank you very much Thank you very much the case is taken Under advisement and the court will be in recess